```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                  EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

      vs.                               Criminal Action 2:23-cr-246
                                              JUDGE MICHAEL H. WATSON

**JEVON ISAIAH MURK**

## REPORT AND RECOMMENDATION

      Defendant Jevon Isaiah Murk previously pleaded not guilty to an *Indictment* charging him with two (2) counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). *Indictment*, ECF No. 4. On January 22, 2025, defendant, assisted by his counsel, personally appeared at a change of plea proceeding. There is no plea agreement.

      Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

      During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

      Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Indictment* and the consequences of his plea of guilty to those charges.

1

Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure. Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary and that his plea of guilty is not a result of promises made to him, nor as a result of force or threats of force.

Defendant was advised that all sentencing terms will be determined by the District Judge. Defendant was further advised that, if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw his guilty plea on that basis. However, defendant was also advised that both he and the United States have the right to appeal the sentence imposed.

At the change of plea proceeding, the attorney for the United States presented a statement of facts supporting the charges. Defendant agreed with that statement of facts and also, in response to inquiry by the Court, expressly agreed to facts satisfying each of the essential elements of the crimes charged. Defendant confirmed that he is pleading guilty to Counts 1 and 2 of the *Indictment* because he is in fact guilty of those crimes.  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 1 and 2 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 1 and 2 of the *Indictment* be accepted.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

2

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

January 22, 2025                                     *s/ Norah McCann King*
 Date                                                 Norah McCann King
                                                          United States Magistrate Judge